UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SIDNEY MCBRIDE, III | * | CIVIL ACTION |
| VERSUS | * | NO. 21-51 |
| TOMMY ESCHETE, ET AL. | * | SECTION "D" (2) |

**REPORT AND RECOMMENDATION**

This is a civil action brought by Sidney McBride III ("McBride") under 42 U.S.C. § 1983 against Thibodaux Mayor Tommy Eschete, Lafourche Parish Sheriff Craig Webre, Thibodaux Police Chief Bryan Zeringue and Javon Harvey. ECF No. 6-1, at 1. Plaintiff was incarcerated in Lafourche Parish Correctional Complex in Thibodaux, Louisiana, at the time of filing. *Id.* at 2. He filed this § 1983 complaint *pro se* and *in forma pauperis* alleging defamation of character and slander on the basis that, in connection with his October 22, 2020 arrest, the arresting officer Javon Harvey "wrote up a 'charge' that's not a charge." ECF No. 1, ¶¶ IV, V, at 4 – 5. He seeks compensation for defamation of character and slander of his name. *Id.* at 5.

This matter was referred to the undersigned magistrate judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); E.D. La. LR 73.2(A).

**I.     FACTUAL BACKGROUND**

   **A.  Allegations in the Complaint**

The factual allegations set forth in Plaintiff's Complaint and Plaintiff's Response to this Court's February 2, 2021 Order are quite sparse. Plaintiff appears to allege that defendant Javon Harvey arrested him on or about October 22, 2020, and charged him with "Possession of Drug Paraphernalia to an underage person not 17 unmarried." ECF No. 1, at 5. However, Plaintiff alleges that, during a bond hearing on November 17, 2020, Judge Larose stated that "this is not a charge." *Id*. He further alleges that this "charge" was then published in the newspapers and placed

1

on the sheriff's website. *Id.* Plaintiff appears to have been detained pretrial, but released from custody on June 26, 2021. *Id.* at 2; ECF No. 20.

This Court issued a § 1983 Facts Order on February 2, 2021. ECF No. 9. In response, Plaintiff filed a document identifying four witnesses he intends to call. ECF No. 10. Contrary to the order, however, he did not include a written statement advising the court whether he is presently incarcerated based on a conviction, as directed in No. 2 of the Order, nor did her provide a written statement of facts expected to be offered at trial, as directed in No. 3 of the Order.

### B. *Spears* Hearing Testimony

On March 5, 2021, I conducted a telephone conference in this matter. Plaintiff, *pro se*, participated via telephone. Defendants did not participate in the *Spears* conference. Plaintiff was sworn and testified for all purposes permitted by *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny. ECF No. 15. The conference was electronically recorded.

#### 1. The Defendants

Tommy Eschete is the Mayor of Thibodaux. Bryan Zeringue is the Thibodaux Police Chief. Neither Mayor Eschete nor Chief Zeringue was present during Plaintiff's arrest or involved in charging Plaintiff. Plaintiff affirmed that he never spoke personally with Mayor Eschete or Chief Zeringue. Rather, Plaintiff named Eschete and Zeringue as defendants because of their roles in the "chain of command" that oversees the Thibodaux Police Department.

Craig Webre is the Sheriff of Lafourche Parish. Plaintiff named Sheriff Webre as a defendant because he allegedly operates the Lafourche Parish Sheriff's Office website. Sheriff Webre was also not involved in Plaintiff's arrest, and Sheriff Webre and Plaintiff have never met

personally.  Furthermore, Plaintiff does not know whether Sheriff Webre was personally involved in publishing Plaintiff's charges on the Lafourche Parish Sheriff's Office website.

Javon Harvey arrested Plaintiff and wrote the charge at issue in this suit.  Plaintiff contends that Harvey did not inform him of the "underage person not 17" charge at the time of his arrest.

    2. The Alleged Facts

During the *Spears* hearing, Plaintiff reiterated the information in his Complaint.  ECF No. 1.  He clarified that the alleged posting on the Sheriff's Office website read, "1023.1 - possession of drug paraphernalia/unmarried person under 17 years old, misdemeanor."  He maintained that Defendant Harvey wrote up a charge that was not actually a charge, that the charge appeared on the Lafourche Parish Sheriff's Office website, and that Judge Larose said that the charge was not a charge.  Plaintiff also claimed that the charge appeared in the *Daily Comet*, Thibodaux's newspaper.

Plaintiff alleges claims of defamation and slander of his name because members of his community – his girlfriend, family and friends, and other people in jail – believed that he was charged with sex crimes involving a minor as a result of the posting on the Sheriff's Office website.  He claims that he suffered reputational harm as a result of the posting.

In addition to clarifying the information in his Complaint, Plaintiff supplemented his response (ECF No. 10) to this Court's § 1983 Facts Order (ECF No. 9).  Plaintiff provided more detail regarding the witnesses he plans to call at trial.  He asserts that Jennifer Day was the court translator (or reporter) in Lafourche Parish and will be able to testify to the existence of the charge that was eventually dropped.  He further claims that Makayla Comdellen was an employee of Lafourche Parish who informed him of his charge.  Finally, Jessie Lynn Lyons and Darlyon Woods are witnesses with screenshots of the alleged posting on the Sheriff's Office website.

Additionally, Plaintiff confirmed that he was incarcerated at the time of the *Spears* hearing. He was convicted of domestic abuse, battery by strangulation, possession of methamphetamines, and possession of drug paraphernalia

## II.  LEGAL STANDARD

### A.  <u>Statutorily Required Screening</u>

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A prisoner's *in forma pauperis* complaint may be dismissed *sua sponte* at any time if the court determines that the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[2] A claim is frivolous if it "lacks an arguable basis in law or fact."[3] A claim lacks an arguable basis in law if it is "'based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[4]

The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[5] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A complaint fails to state a claim on

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998).
[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); 42 U.S.C. § 1997e(c)(1); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[3] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[4] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[5] *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citation omitted).
[7] *Id.*

which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim which is dismissed under one rule does not "invariably run afoul" of the other.[9]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[10]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[11]

### B.  The *Spears* Hearing

The initial screening of a *pro se* prisoner's claim includes a review of the complaint and testimony from a *Spears* hearing.[12]  The purpose of a *Spears* hearing is to dig beneath the conclusory allegations of a *pro se* complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.[13]  "[T]he *Spears* procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."[14]  The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under FED. R. CIV. P. 12(e).[15]  "Upon development of the

---

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation omitted).
[9] *See also Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d) (current version at 28 U.S.C. § 1915(e))).
[10] *Id.*.
[11] *Id.*
[12] *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985) (affirming magistrate court's dismissal of prisoner's claim based on complaint and evidentiary hearing).
[13] *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).
[14] *Davis*, 157 F.3d at 1005.
[15] *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991); *Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir. 1990).

actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists."[16]

The court may make only limited credibility determinations in a *Spears* hearing, and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable.[17] "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents. After a *Spears* hearing and its concurrent opportunity to expound the claim, a complaint may be dismissed for failure to state a claim or as legally frivolous if it lacks an arguable basis in law[18] or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."[19]

C. **LAW AND ANALYSIS**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.[20]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[21] Because § 1983 merely provides a remedy for designated rights, rather than creating any

---

[16] *Spears*, 766 F.2d at 182.
[17] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Cay v. Estelle*, 789 F.2d 318, 326–27 (5th Cir. 1986), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992))
[18] *Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).
[19] *Moore*, 976 F.2d at 270. This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[20] 42 U.S.C. § 1983.
[21] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[22] A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law,

(2) that occurred under color of state law, and

(3) was caused by a state actor.[23]

In this case, Plaintiff's allegations as to these defendants fail to establish a cognizable § 1983 claim of violation of constitutional rights, even under the broadest reading of his claims.[24] Accordingly, Plaintiff's complaint, as expounded by his *Spears* testimony explaining the factual basis of his claims, should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) and/or 42 U.S.C. § 1997e(c) on the basis that the complaint fails to state a cause of action and is legally frivolous.

### A. No Supervisory Liability

"Personal involvement is an essential element of a civil rights cause of action."[25] Although Plaintiff names Thibodaux Mayor Tommy Eschete, Lafourche Parish Sheriff Craig Webre and Thibodaux Police Chief Bryan Zeringue as Defendants, he fails to allege any personal involvement of these people in the events on which his claims are based.

With respect to Mayor Eschete and Chief Zeringue, Plaintiff sues them for their roles in the "chain of command" of the Thibodaux Police Department. Similarly, he alleges that Sheriff Webre controlled the Sheriff's Office website, but he does not claim that Webre himself posted the charge on the website. Although each of these defendants may serve as a supervisor in some

---

[22] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[23] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[24] The court must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Smith v. Lonestar Constr., Inc.*, 452 F. App'x 475, 476 (5th Cir. 2011), *cert. denied*, 565 U.S. 1263 (2012) (quotation omitted); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[25] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983).

capacity, that fact alone is insufficient to render any one of them liable for federal civil rights violations allegedly committed by a subordinate under any theory of strict liability or vicarious liability.[26]

Without allegations of personal involvement, plaintiff has failed to state an individual-capacity claim against Eschete, Webre, or Zeringue. Accordingly, his § 1983 claims against Eschete, Webre, and Zeringue should be dismissed as frivolous and/or for failure to state a claim upon which relief can be granted.[27]

### B. Reputational Harm Insufficient to Support a § 1983 Claim

Plaintiff's complaint seeks to recover for defamation and slander. ECF No. 6-1, at 5. Although the Supreme Court has held that defamatory statements by government officials may be actionable under § 1983 if they infringe on an interest protected by law, more than mere reputational harm is necessary.[28] Likewise, the Fifth Circuit has consistently held that reputational injuries brought as § 1983 claims require a showing of "stigma plus an infringement of some other interest."[29]

To satisfy the first prong of this test, "the statement must be both false and assert some serious wrongdoing on the part of the plaintiff."[30] "To establish the 'infringement' portion of the 'stigma plus infringement' test, a claimant must establish that the state sought to remove or

---

[26] *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); *see Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983.").
[27] 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1); *see also* Fed. R. Civ. P. 12(b)(6).
[28] *Paul v. Davis*, 424 U.S. 693, 710–12 (1976) (holding that plaintiff did not state a claim for § 1983 violation on theory of defamation where two chiefs of police issued flyers identifying plaintiff as a shoplifter even though he had not yet been convicted and the charge was later dismissed).
[29] *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991)); *see also Singh v. Wal-Mart Stores, Inc.*, 1:17-CV-1120-RP, 2019 WL 1324135, *4 (W.D. Tex. Mar. 25, 2019).
[30] *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) (applying the "stigma plus infringement" test in a *Bivens* action); *accord San Jacinto*, 928 F.2d at 701 ("To fulfill the stigma aspect of the equation, a claimant must prove that the stigma was caused by a false communication…. [The Fifth Circuit] has found sufficient stigma only in concrete, false factual representations or assertions, by a state actor, of wrongdoing on the part of the claimant.") (internal quotation marks omitted).

significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.'"[31]  For instance, in *Vander Zee v. Reno*,[32] the Fifth Circuit found that a plaintiff's reputational damage implicating his "freedom of choice in the job market" as a result of published materials alleging criminal misconduct failed to satisfy the burden of alleging a constitutionally cognizable injury under the "stigma plus infringement test."[33]

Here, Defendants' alleged actions likewise do not satisfy the stigma prong of the "stigma plus infringement" test.  First, Defendants' alleged charges and their website posts are not factual representations or assertions; rather, they are allegations of criminal conduct.[34]  Moreover, Plaintiff has not shown that the statement was false.  Plaintiff himself stated in the *Spears* hearing that he was charged under La. Stat. Ann. § 40:1023.1, "Prohibited acts; unmarried persons under seventeen years of age," which states, in relevant part: "It is unlawful for any person… to sell, lend, rent, lease, give, exchange, exhibit, display, or distribute to any unmarried person under the age of seventeen any drug paraphernalia."  Plaintiff, who was convicted of possession of drug paraphernalia, has not demonstrated that the charge was not based in fact, i.e., that he did not give drug paraphernalia to an unmarried person under the age of seventeen.  Moreover, this charge does not, as Plaintiff asserts, allege, relate or suggest any sexual conduct with minors.

Regardless of whether the stigma prong was satisfied, Plaintiff has failed to allege the deprivation of a protected interest.  Plaintiff alleges broad reputational harm that affected his personal relationships and his reputation within the community as a whole.  As in *Vander Zee* and

---

[31] *San Jacinto,* 928 F.2d at 701–02 (citing *Paul*, 424 U.S. at 710–11 & n.5).
[32] 73 F.3d 1365, 1369 (5th Cir. 1996) (involving a *Bivens* action).
[33] *Vander Zee*, 73 F.3d at 1369.
[34] *See id.* (finding that the necessary element of falsity was not present to establish the "stigma" prong when the defendant's recitals were clearly stated as allegations not facts).

*Paul*, Plaintiff brought this action alleging reputational harm as a result of published materials that claimed he engaged in criminal conduct for which he was not convicted.[35] However, Plaintiff has not even suggested that any of the defendants violated a protected interest; he alleges only reputational harm.[36] Thus, he has failed to allege the deprivation of a protected interest as required by the "stigma plus infringement" test.[37]

Accordingly, Plaintiff's remaining § 1983 claim against Defendant Harvey should be also dismissed as frivolous and/or for failure to state a claim upon which relief can be granted.[38]

## III. CONCLUSION

Plaintiff's § 1983 claim against Thibodaux Mayor Tommy Eschete, Lafourche Parish Sheriff Craig Webre and Thibodaux Police Chief Bryan Zeringue are based solely on their positions as supervisors rather than any personal involvement of any of these people in the underlying claim. Likewise, Plaintiff does not allege any facts to suggest that Officer Harvey had any role in the publication of the charges on any website or newspaper, though Officer Harvey is alleged to have written up the charges. Even assuming Officer Harvey had some role with the publication, Plaintiff's allegation of mere reputational harm is insufficient to satisfy the "stigma plus infringement" test as necessary to state a § 1983 claim based on defamation.

## IV. RECOMMENDATIONS

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

---

[35] *Id.*; 424 U.S. 693, 710–12 (1976)
[36] *Vander Zee*, 73 F.3d at 1369.
[37] *San Jacinto*, 928 F.2d at 701 (citing *Paul*, 424 U.S. at 710–11 & n.5).
[38] 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1); *see also* Fed. R. Civ. P. 12(b)(6).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[39]

New Orleans, Louisiana, this  8th  day of July, 2021.

                                                         DONNA PHILLIPS CURRAULT
                                                  UNITED STATES MAGISTRATE JUDGE

---

[39] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).